UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SUMMIT RESOURCE GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1831 HEA |
| | ) | |
| JLM CHEMICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss and to

Compel Arbitration, [Doc. 27]. Plaintiff opposes the motion and has filed a written

memorandum in support of this opposition. On May 27, 2009, Plaintiff filed a

Motion for Leave to File Supplemental Response to the Motion to Dismiss and to

Compel. The Court granted the Motion for Leave on May 28, 2009. For the

reasons set forth below, the Motion  is denied.

**Facts and Background**

The facts and background of this matter are set forth in the December 29,

2008 Opinion and will therefore not be repeated herein, except to the extent

necessary for this Opinion.

Plaintiff originally filed this action in the Circuit Court for the County of St.

Louis, St. Louis, Missouri on November 24, 2008. Defendant removed the matter

to this Court on November 26, 2008. The same day, Defendant filed an action in the Southern District of New York styled, <u>JLM Chemicals, Inc. V. Summit Resource Group, Inc., Craig Cataldi and Michael Jeffers</u>, S.D.N.Y. 08-CV-0296 (PAC)against Defendant, its president and a former employee who currently works for Plaintiff.

Plaintiff filed a Motion for Preliminary Injunction on November 28, 2008. A hearing on this Motion was held on December 4, 2008, and on December 29, 2008, the Court issued a preliminary injunction against Defendant. The preliminary injunction enjoined Defendant from

Because of the expiration of the Irrevocable Letter of Credit and its Amendment, that portion of Count I of the Verified Petition seeking a permanent injunction against Defendant from seeking to draw on the Letter of Credit and its Amendment, appears moot. Plaintiff also seeks to permanently enjoin Defendant from shipping the product from the two cancelled invoices between Plaintiff and Defendant known as Summit Purchase Order No. 071508-879 and Summit Purchase Order 071508-880.

Count II alleges a breach of contract by Defendant. Count II alleges that Defendant failed to ship ascorbic acid pursuant to an order Plaintiff placed with Defendant. As a result, Plaintiff alleges that as a result of Defendant's failure to

ship the ascorbic acid at a certain price, Plaintiff has suffered and continues to suffer

damages.

## Discussion

Defendant moves to dismiss this case and to compel Plaintiff to arbitrate the

parties' disputes.  Defendant argues that Plaintiff agreed to arbitrate all disputes

pursuant to an arbitration provision that was contained on the back of the Purchase

Orders.  The Court agrees with Defendant that under the Federal Arbitration Act,

there is a presumption of arbitrability.  The Federal Arbitration Act, 9 U.S.C. § 1, *et*

*seq.*, provides a court with authority to compel arbitration where a party has refused

to comply with an arbitration agreement.  9 U.S.C. § 4.  See *Mitsubishi Motors*

*Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 3353, 87

L.Ed.2d 444 (1985).  In making this determination, the Court must take into account

the strong policy favoring arbitration as a method of settling disputes:

> [Q]uestions of arbitrability must be addressed with a healthy regard for
> the federal policy favoring arbitration. . . The Arbitration Act
> establishes that, as a matter of federal law, any doubts concerning the
> scope of arbitrable issues should be resolved in favor of arbitration. . .

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 103

S.Ct. 927, 941, 74 L.Ed.2d 785 (1983), *superseded by statute on other grounds*.

The Court's disagreement with Defendant, however, is Defendant's

presumption that Plaintiff agreed to arbitrate anything.  As Plaintiff argues, the Purchase Orders at issue in this matter were sent *after* the orders were placed; *after* the cancellation of the orders; *after* the institution of this suit; and *after* Defendant commenced its suit in the Southern District of New York.  As Judge Crotty found in his Memorandum Order dated April 29, 2009, wherein he dismisses Defendant's action against Plaintiff, "[g]iven the uncontested history of litigation, it is simply not possible for JLM to maintain that Summit 'accepted' the December 4, 2008 Purchase Orders[,]" which contained the arbitration clause Defendant is seeking to enforce.  See Memorandum Order dated April 24, 2009 in Cause Number 08-CV-10296 (PAC).  Defendant's reliance on these Purchase Orders for compelling arbitration fails.

Likewise, Defendant's reliance on the parties' previous transactions to compel arbitration is not supported by anything other than Defendant's argument.  There is no evidence that Plaintiff agreed to arbitrate at any time.  While Defendant submits a "sampling" of the 77 previous invoices, there is no evidence that Plaintiff signed any previous invoices containing the arbitration clause; there is no evidence that the arbitration clause is the ordinary custom and practice in this field; there is no evidence that Defendant and Plaintiff ever discussed arbitration.  Without some

contributing evidence, the Court cannot find that Plaintiff agreed to arbitrate any disputes the parties may have based solely on the clause on JLM's form.

Moreover, as Plaintiff points out, Defendant's reliance on previous invoices is misplaced in that the arbitration provision Defendant seeks to assert expressly states that it is applicable to "this Agreement." Defendant has presented nothing which would establish that the arbitration clause extends beyond the particular invoice in which it is contained.

"When a court determines arbitrability of a dispute, it looks to more than the mere existence of a valid arbitration agreement. It also measures the scope of that agreement and determines whether the present dispute is included within its reach." *Lebanon Chem. Corp. v. United Farmers Plant Food, Inc.* 179 F.3d 1095, 1100 (8th Cir. 1999), (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944-945 (1995), and citing *Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692, 694-695 (8th Cir., 1994)). One cannot be compelled to arbitrate any dispute to which he has not agreed to arbitrate. *Suburban Leisure Ctr., Inc., v. Amf Bowling Prods.*, 468 F.3d 523, 526 (8th Cir., 2006) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). Defendant has failed to establish that Plaintiff agreed to arbitrate the issues now before the Court.

## Conclusion

Based upon the foregoing, the Court finds that the Motion to Dismiss and to Compel Arbitration is not well taken. Defendant has failed to establish the existence of a valid enforceable arbitration provision wherein that Plaintiff agreed to arbitrate the parties' disputes.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss and to Compel Arbitration, [Doc. 27], is **DENIED**.

Dated this 29th day of May, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE