UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUMMIT RESOURCE GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1831 HEA |
| ) | |
| JLM CHEMICALS, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment, [Doc. No. 37]. For the reasons set forth below, the Motion for Summary Judgment will be granted.

## Procedural Background

On August 20, 2009, the Court ordered Defendant to show cause why its pleadings should not be stricken for failure to retain counsel. Defendant failed to comply with the Court's Order, and on September 1, 2009, the Court entered an order striking Defendant's pleadings. Prior to these Orders, Plaintiff filed a Motion for Summary Judgment on Count II of its Complaint.[1] The Motion was filed on July 14, 2009. Defendant did not respond to the Motion within the time period allowed.

---

[1] On December 29, 2008, the Court granted Plaintiff's Motion for Preliminary Injunction as to Count I of Plaintiff's Complaint.

Furthermore, Defendant did not file an Answer to Plaintiff's Compliant after its Motion to Dismiss was denied.

## Standard of Review

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell ,* 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life*

*Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004).  An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.  To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003).  A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995); *Smith v. International Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523

F.3d at 848.

Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines* 2008 WL 2609197, 3 (8th Cir. 2008).

Plaintiff has submitted a Statement of Uncontroverted Material Facts to which Defendant has failed, even absent the striking of Defendant's pleadings, to filed a response. Local Rule 4.01(E) provides with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material

facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E).

As a result of Defendant's failure to submit any response, Defendant is deemed to have admitted Plaintiff's statements of material fact *Huckins v. Hollingsworth*, 138 Fed.Appx. 860, 862 (8th Cir.2005)(where plaintiffs responded to the defendants' statements of material facts by paragraph number as required by local rule but did not fully comply with that rule by submitting their own concise statement of material facts as to which they contended there exists a genuine issue to be tried, and instead provided the district court with affidavits, the district court did not abuse its discretion when it recounted the defendants' statements of facts verbatim but noted whenever the plaintiffs properly disputed a fact and the ground for their dispute).

Plaintiff's Statement of Uncontroverted Facts sets out the following:

On November 24, 2008, Plaintiff Summit originally filed this cause of action in two (2) counts total in state court in the Circuit Court of St. Louis County, State of Missouri. On November 26, 2008, however, Defendant JLM filed its Notice of Removal, on the basis of diversity

jurisdiction, 28 U.S.C. § 1332(a)(1), to remove the St. Louis County case to this Court.

Plaintiff's Count II states a cause of action against JLM for breach of contract based upon JLM's breach of one specific contract entered with Summit known as Summit PO # 071107-660.

While Defendant JLM was served with process on February 11, 2009, JLM's last responsive motion thereafter, the Motion to Dismiss and to Compel Arbitration of JLM, was denied on May 29, 2009, and accordingly under F.R.C.P. Rule 12(a)(4), JLM's Answer was due on June 8, 2009, however, JLM has filed no Answer whatsoever to Summit's Complaint.

Defendant JLM has failed to plead any affirmative defense whatsoever to the breach of contract liability alleged by Plaintiff Summit at Count II.

Count II alleges a breach of contract stemming from an order placed by Plaintiff for chemicals from Defendant, specifically under Summit PO # 071107-660 for a total of 436,510.8 pounds of ascorbic acid at the price of $3.5381 per pound, to be shipped on eleven (11) separate dates during 2007 and 2008, and the terms of this contract were memorialized by Summit PO # 071107-660, which was then confirmed by JLM's issuance of JLM Invoice No. SL192003108, issued by JLM to Summit, a copy of which was attached to Plaintiff's Complaint as "Exhibit G."

A valid and enforceable contract existed between the JLM and Summit as to the contract memorialized by Summit PO # 071107-660 as each of the following existed: (I) competency of the parties to contract; (ii) subject matter; (iii) legal consideration; (iv) mutuality of agreement; and (v) mutuality of obligation.

Mutual obligations arose under the terms of the contract; memorialized by Summit PO # 071107-660.

>Defendant JLM did not fully perform its obligations under the terms of the contract memorialized by Summit PO # 071107-660.

Given Defendant's failure to respond in anyway, controvert any stated facts, the Court's striking of all Defendant's pleadings, Defendant is in default and judgment should be entered accordingly in Plaintiff's favor. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, there are no material facts in dispute by reason of Defendant's failure to produce evidence of same. Plaintiff has presented evidence of its damages and is entitled to judgment in a sum certain.

As a direct and proximate result of JLM's failure to perform its obligations under the terms of the contract memorialized by Summit PO # 071107-660, Plaintiff was damaged, suffering total compensatory damages and court costs of $154,522 in that (1) Summit suffered lost profits of $154,000, as it was not able to fulfill its obligation to deliver the exact same quantity and kind of chemical to its own customer due to JLM's breach, thereby resulting in lost profits to Summit of $154,000 total due to the profit Summit would have made on a per shipment basis of lost profits of $22,000 for each shipment times seven shipments total. This per shipment lost profits measure of $22,000 is based upon the contractual price term agreement in the contract between Summit and JLM, the price term agreement in the contract between Summit and Summit's customer, and the costs Summit would have

incurred accomplishing the entire transaction with both JLM and Summit's customer and (2) Summit's court costs incurred in prosecuting this cause of action to date, which amount to $533.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion **for** Summary Judgment, [Doc. No. 37], is **GRANTED**.

**IT IS FURTHER ORDERED** that Summary Judgment is entered in favor of Plaintiff and against Defendant on Count II of Plaintiff's Complaint, in the amount of: $154,522.

**IT IS FURTHER ORDERED** that the Preliminary Injunction entered on December 29, 2008 is **DISSOLVED**.

**IT IS FURTHER ORDERED** that the bond posted by Plaintiff in the amount of $15,000 shall be released.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 14th day of September, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE